**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
*Christina Wiseman*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WISEMAN,<br><br>**Plaintiff,**<br><br>vs.<br><br>TRANS UNION, LLC,<br><br>**Defendant.** | Case No.: **'17CV2534 GPC JMA**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO:**<br><br>**THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.**<br><br>**THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1. ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED COMPLAINT                    1

## INTRODUCTION

1. Christina Wiseman ("Plaintiff") brings this First Amended Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Trans Union, LLC ("Defendant" or "Trans Union"), for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1, *et seq.* ("CCRAA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. Defendant is a "consumer reporting agency" under the FCRA and a "consumer credit reporting agency" under the CCRAA that provides consumers with their credit reports. The FCRA and CCRAA-governed content of these credit reports is determined by the secretion of consumer reporting agencies such as Defendant. Defendant continuously misrepresents the source of the public record information (such as bankruptcies and civil judgments) Defendant publishes on credit reports ("Public Record Information") in order to circumvent costs associated with purchasing the records from the actual source in violation of 15 U.S.C. § 168lg(a)(2).

3. Defendant works closely with vendors such as LexisNexis to obtain the Public Record Information, then Defendant represents on credit reports, that the Public Record Information originated from a public record such as a court or government entity, rather than the actual source, which is LexisNexis or another vendor.

4. This practice deceives consumers and limits consumers' access to the true source of Public Record Information, therefore preventing consumers from directly addressing the true source of Public Record Information in order to ameliorate any errors if they should occur.

## JURISDICTION & VENUE

5. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.
6. Supplemental jurisdiction exists for violations of the CCRAA pursuant to 28 U.S.C. § 1367(a).
7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.
8. Venue is also proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction.

## PARTIES & DEFINITIONS

9. Plaintiff is, and at all times mentioned herein a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and Cal. Civ. Code § 1785.3(b) of the CCRAA.
10. Plaintiff is informed and believes, and thereon alleges, that Trans Union is, and at all times mentioned herein was, a limited liability company registered in Delaware with its principal place of business located in Illinois.
11. Plaintiff alleges that at all times relevant herein Trans Union conducted business in the State of California, in the County of San Diego, within this judicial district.
12. The causes of action herein pertain to Plaintiff's "consumer credit reports," as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and Cal. Civ. Code §

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1785.3(c) of the CCRAA, in that inaccurate misrepresentations of Plaintiff's information were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

## FACTUAL ALLEGATIONS

13. Trans Union is a FCRA and CCRAA governed "consumer reporting agency" that selectively decides which information to provide to consumers that request the FCRA and CCRAA governed information in Defendant's possession and which information it will hide from consumers.

14. Upon information and belief, Defendant withholds certain information in order to minimize its compliance costs and to avoid customer service inquiries directed at them and their business partners or private vendors.

15. As mentioned above, these private vendors and/or business partners include companies like LexisNexis (or "Lexis"), a third party that sells public record information to Defendant and then, in turn, processes disputes regarding that public record information via the "ACDV" system.

16. Upon information and belief, Defendant misrepresents the source of consumers' bankruptcy Public Record Information by falsely stating that a given courthouse is the source of the Public Record Information, while affirmatively hiding the true source of the Public Record Information.

17. On information and belief, Defendant does not obtain its Public Record Information about bankruptcies form courthouses or actual government entities.

///

18. Defendant obtains information about bankruptcies, court judgments, and liens from private vendors such as LexisNexis.
19. The Public Record Information provided on Trans Union credit reports is not the actual court record, rather, an abbreviated version of the Public Record Information, which does not contain all the information in actual public records such as those of courthouses or the government. This leads to a large number of mistakes reflected in the Public Record Information on consumers' Trans Union credit reports.
20. The mistakes in consumer credit reports are seen by anyone that requests that consumer's file, and oftentimes cause injury to that consumer.
21. The FCRA requires credit reporting agencies including Defendant to "clearly and accurately disclose to the consumer the sources of the information" in the consumer's credit report under 15 U.S.C. § 1681g(a)(2).
22. It is imperative that consumers know the true source of the Public Record Information in their credit reports and have the ability to directly address the true source of Public Record Information in order to ameliorate any mistakes in the Public Record Information on credit reports.
23. On or around September 27, 2016, Plaintiff checked her Trans Union credit report and the Public Record Information listed the source of Plaintiff's Chapter 7 bankruptcy information as "CALIFORNIA FEDERAL COURT-SAN DIEGO Docket#: 1108919 (JACOB WEINBURGER US COURTHOUSE, 325 WEST F ST, SAN DIEGO, CA 92101, (619) 557-5620)", rather than LexisNexis, the actual source of the information.
24. The case number is listed as a "Docket#" and is not even the correct format for a bankruptcy case number.
25. Again, the information is not described properly and is not in the correct format. But more importantly, Plaintiff believes the information did not come

from the "CALIFORNIA FEDERAL COURT-SAN DIEGO" as stated by Defendant.

26. On December 20, 2016, Plaintiff filed a dispute of the Public Record Information of her credit report online with Defendant regarding the source of the public record information on her September 27, 2016 credit report.

27. Plaintiff specifically wrote in the dispute, "The source of the Public Record information is incorrect."

28. On December 23, 2016, Defendant completed its investigation of Plaintiff's dispute, and the Public Record Information remained unchanged, listing the source of the Public Record Information as "CALIFORNIA FEDERAL COURT-SAN DIEGO Docket#: 1108919 (JACOB WEINBURGER US COURTHOUSE, 325 WEST F ST, SAN DIEGO, CA 92101, (619) 557-5620)".

29. On information and belief, Defendant did not obtain its Public Record Information concerning Plaintiff from the California Federal Court. It would be far too costly and cumbersome for Defendant to obtain that information directly from the court, if it is even possible.

30. Bankruptcy courts have converted to electronic files and now use ECF and PACER. The bankruptcy courts do not have paper files for all the bankruptcies that can be pulled to gather public record information.

31. Upon information and belief, Defendant obtained its Public Record Information concerning Plaintiff from one of its private vendors and/or business partners such as LexisNexis that most likely obtains the information from PACER and then processes and organizes the information so Defendant or Lexis can pair the information with consumer files.

32. Defendant never identified LexisNexis or any other vendor as the source of the public record information that makes its way into the consumer credit files

FIRST AMENDED COMPLAINT                     6

that it sells, or any of the other less publicized marketing or risk assessment databases that it maintains.

33. Defendant unambiguously deprived Plaintiff of the true source of the valuable Public Record Information, in violation of the FCRA and CCRAA.

34. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681g(a)(2):

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

35. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

> (a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer

FIRST AMENDED COMPLAINT  7

report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].

(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

36. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Trans Union, pursuant to Cal. Civ. Code § 1785.16 of the CCRAA:

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

FIRST AMENDED COMPLAINT 8

(b) In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.

### FIRST CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ.

37. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

39. As a credit reporting agency, Trans Union is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.

40. Trans Union violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff the sources that supplied any information to the credit-reporting agency about Plaintiff.

41. Plaintiff is informed and believes that Trans Union violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiff reported.

42. As a result of each and every violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

43. As a result of each and every willful violation of the FCRA, Plaintiff is also entitled to and seek actual damages of $100.00 to $1,000.00 per violation and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

### SECOND CAUSE OF ACTION
### CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.16

44. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

45. As a credit reporting agency, Trans Union is required to comply with Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA.

46. Plaintiff is informed and believes that Trans Union violated Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA after Plaintiff lodged a written dispute with Trans Union in December of 2016 but Trans Union failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in the dispute, failed to employ and follow reasonable procedures to prevent such inaccurate reporting and maintained the very inaccurate information about which Plaintiff complained.

47. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of $5,000.00 from Defendant for each month of inaccurate reporting, for each agency, actual damages, attorney's fees and injunctive relief

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows against Defendant:

## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per plaintiff, per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Trans Union to correct the information furnished on Plaintiff's credit reports and prohibit them from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

## CCRAA
## Cal. Civ. Code § 1785.16

- Actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- Statutory damages of $5,000.00 per violation, per month of reporting, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Injunctive relief to command Defendant to correct Plaintiff's credit reports and prohibit them from engaging in future violations of Cal. Civ. Code § 1785.16 and Cal. Civ. Code § 1785.25, pursuant to Cal. Civ. Code § 1785.31(b);
- Attorney fees and costs to maintain the instant action, pursuant to Cal. Civ. Code 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);
- Any other relief the Court may deem just and proper including interest.

## TRIAL BY JURY

48. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: December 19, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ ABBAS KAZEROUNIAN
AK@KAZLG.COM
ABBAS KAZEROUNIAN, ESQ.

Additional Plaintiff's Counsel:

**HYDE & SWIGART APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022